# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Gonzales,<br><br>           Petitioner,<br><br>v.<br><br>Charles Ryan, *et al.*,<br><br>           Respondents. | No. CV-17-08087-PCT-JJT (ESW)<br><br>**ORDER** |

At issue is the Report and Recommendation ("R&R") (Doc. 31) entered in this matter by United States Magistrate Judge Eileen S. Willett, recommending that the Court dismiss the Petition writ of Habeas Corpus (Doc. 1) as untimely. Petitioner filed an Objection (Doc. 32) to the R&R 22 days after its entry, which, allowing for service and applying the mailbox rule, the Court will deem as timely and consider on its merits. The Court concludes that Judge Willett's conclusions and her resulting recommendation are correct under the law.

Defendant was sentenced in the underlying matter on August 12, 2015, after pleading guilty to two charges. Pursuant to Arizona Rule of Criminal Procedure 32.4, he had 90 days from that date—or until November 10, 2015—to file a notice seeking Post-Conviction Relief in the state court. He filed no such notice and thus his convictions became final on that day, commencing the limitations period under AEDPA the following day, November 11, 2015. That limitations period expired one year later, on November 10, 2016. Petitioner did not file his 2254 Petition until May 8, 2017—almost

six months too late. Statutory tolling is unavailable because he never filed for post-conviction relief in the state court.

The Court also finds equitable tolling does not apply because Petitioner has not met his burden to show any extraordinary circumstances beyond his control that made it impossible for him to timely file. While Petitioner argues in his Objection that his attorney never told him he could file a petition for post-conviction relief in the state court, that does not satisfy the requirement for equitable tolling. Petitioner's *pro se* status after sentencing and his lack of legal knowledge do not satisfy the requirement that he was prevented form timely filing by some extraordinary force. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner thus does not qualify for equitable tolling, and for the reasons Judge Willet set forth in the R&R, neither does Petitioner make an actual innocence claim under *Schlup v. Delo*, 513 U.S. 298 (1995). Accordingly,

IT IS ORDERED adopting in whole the Report and Recommendation by Judge Willett (Doc. 31).

IT IS FURTHER ORDERED dismissing as untimely the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. 1). The Clerk of Court shall terminate this matter.

IT IS FURTHER ORDERED denying a certificate of appealability and leave to appeal *in forma pauperis* upon a finding that dismissal of the Petition here is justified by a plain procedural bar.

Dated this 26th day of February, 2019.

Honorable John J. Tuchi
United States District Judge